## W. J. BEASLEY v. W. S. BOOTHE.

### No. 129.

1. **Principal and Surety—Surety, when not Discharged.**—Beasley was surety on a note signed by Morris as principal, and defended upon the ground that Boothe knew that he was surety, and without his knowledge or consent agreed with Morris that if he would pay another unsecured note he owed Boothe, and the interest on this note sued on, that he would extend the time of payment for twelve months; and that Morris paid the other note and the interest on the note sued on, and thereby Beasley was discharged. The surety was held not discharged.

2. **Consideration—Release of Surety.**—The payment of an overdue note and the interest on the second note by the principal, is not such a valuable consideration for an extension of time within which to pay the secured note as will release the surety thereon.

3. **Same—Notice to Creditor to Sue.**—Shortly after the note matured, Morris was urged by Beasley to push the collection, and replied that he had extended the time of payment, in consideration of the payment of the $150 note and the interest on the other, and he would not break his word to Morris; when Beasley claimed that thereby he was released, and Boothe admitted that Beasley was released. Morris was solvent when the note matured, and insolvent when suit was brought. *Held*, the consideration for which the extension was granted was not a valuable one; there was no estoppel on Boothe by reason of his admission that Beasley was released, as it does not appear from the pleading that Beasley was thereby prevented from giving the notice in writing prescribed by the statute, and direction to the jury to return a verdict for the plaintiff was proper.

APPEAL from Lavaca. Tried below before Hon. M. KENNON, Special Judge.

*Price & Green*, for appellant.—1. Where one signs a note merely as an accommodation surety, of which the payee in the note is cognizant, and afterwards, without the knowledge or consent of such surety, for a valuable consideration, such payee extends to the principal the time of the payment of said note, the surety is discharged. Babcock & Weil v. Bank, 1 W. & W. C. C., sec. 818; Mann v. Brown, 71 Texas, 241; Lane & Saylor v. Scott, 57 Texas, 367.

2. Where a note is due, and an accommodation surety thereon, ignorant of an extension of the time of its payment to the principal, during the solvency of the principal demands the institution of suit to enforce its collection, and is informed by payee that he has extended the time of its payment for one year, and payee releases or says he holds the surety no longer liable, the question of sufficient consideration vel non as between payee and surety is immaterial, and if the surety has been induced to neglect any of the means which might have been used for his indemnity, the promise, inducement, or assurance will have that effect as an estoppel which it lacks as a contract, and amount to a defense. White v. Walker, 31 Ill., 422; Harris v. Brooks, 21 Pick., 195.

*Paulus & Ellis*, for appellee.—1. Any agreement made by and between a creditor and principal debtor for an extension of time on the payment of a note, the consideration in such an agreement being the payment by the principal debtor to the creditor that which he is legally and justly bound to pay, is a nudum pactum, and not binding upon the creditor, and does not release a surety. Hunter v. Clark, 28 Texas, 159;. Andrews v. Hagadon, 54 Texas, 571; Burke v. Cruger, 8 Texas, 66; Cruger v. Burke, 11 Texas, 694; Payne v. Powell, 14 Texas, 600.

2. One is not estopped by his words or conduct unless the party setting up the estoppel was justified in relying upon such conduct or words. An erroneous opinion and admission on the part of a creditor to a surety as to the legal effect of certain acts of the creditor does not amount to an estoppel. Thrall v. Lathrop, 32 Vt., 307; Royston v. Howie, 15 Ala.,. 309; Smith v. Hutchinson, 61 Mo., 83; Brewster v. Stricker, 2 N. Y., 19; Sesseims v. Rice, 30 N. W. Rep., 735; Platt v. Scott, 6 Blackf., 389.

GARRETT, CHIEF JUSTICE — Appellee, Boothe, brought this suit in the District Court of Lavaca County against H. T. Morris and W. J. Beasley, on a joint and several promissory note executed by them, dated April 21, 1888, due at twelve months, for the sum of $1000.

The defense was, that although Beasley's name appeared on said note as a principal thereto, he signed the same as a surety for Morris, and that Boothe, knowing this fact, agreed with Morris that if the latter would pay him another debt of $150, which was unsecured, and the interest on the note sued on, he would extend the time on the note sued on for twelve

months, and that Morris paid such other note and interest, and defendant Beasley was released by reason of said agreement and extension of time.

A jury was demanded, and after the evidence was all in, the court instructed the jury to return a verdict in favor of plaintiff against both defendants.    Judgment was entered thereon accordingly, and Beasley alone has appealed.

There was a conflict in the evidence, but stating the same according to appellant's contention, it appears that Morris borrowed $1000 from Boothe, and that Beasley joined Morris in the execution of the note; that the signature of Beasley was for the purpose of borrowing the money for Morris.

Boothe knew that the money was for Morris, and that Beasley signed as surety for Morris.    The note is as follows:

" $1000.                        Hochheim, Texas, April 21, 1888.

"Twelve months after date I promise to pay to W. S. Boothe one thousand dollars, with interest at the rate of (12) twelve per cent from date until paid.

"H. T. Morris,
"W. J. Beasley."

Morris testified, that a short time before the maturity of the note he met Boothe and asked for an extension of time for one year from the date of maturity thereof, which Boothe gave in consideration that Morris would pay him the sum of $150, which the latter then owed him, and for which he, Boothe, held his note, then about due, and would pay the interest on the note sued on.    Morris does not state whether or not he paid either the note or the interest.    He was solvent at the time of the agreement to extend the note, but was insolvent at the time of the trial, and had been since the spring of 1890.

Beasley testified, that he signed the note as a surety for Morris, and that Boothe well knew that he signed it as such; that about a month or two after the note became due he met plaintiff in the town of Yoakum, and requested him to push the collection of the note, and by suit if necessary; that plaintiff told him that he had extended the time of payment of the note to Morris for one year, in consideration of the payment by Morris to him of a note which the latter owed plaintiff, and the interest due on the note sued on; that Beasley then insisted that Boothe should bring suit if he expected to hold him on the note, but plaintiff replied that he had given his word to Morris extending the time, and would not break it, and that Morris had paid the other note, which was for either $100 or $150; that he, Beasley, was not a surety on that note, which was due when paid; that he had no knowledge of the extension of time made by plaintiff to Morris, and never consented thereto.    That a short time afterwards he again met Boothe in the town of Yoakum, and asked him why

he had not proceeded to collect the note; he answered that he could not do it, as he had given his word not to do so until the extended time of one year was out; that he then told Boothe that that released him, and that plaintiff would have to look solely to Morris from then on; that plaintiff admitted that Beasley was released, and requested him to assist in collecting the note from Morris; that he neglected to take the necessary steps to save and protect himself in the payment of the note, because Boothe admitted to him that he was released; that if Boothe had not told him so he would have saved himself harmless from any payment he might have had to make on the note. That at the time of the extension, and for about one year thereafter, Morris was solvent and worth $4000 or $5000. He was insolvent when the suit was brought.

The pleading does not support the defense of estoppel against Boothe on his statement to Beasley that he considered him released from further liability on the note. There is no allegation that but for the admission of Boothe that he considered plaintiff released, Beasley would have proceeded to exercise the right of a surety under the statute, if it should be held applicable to this case; but it is doubtful if the evidence is sufficient to sustain the defense if good, if it had been pleaded, as it does not appear therefrom that Beasley would have given the notice to Boothe in writing as prescribed by law, requiring him to enforce the collection of the note by suit, even if he had not considered himself released.

The consideration for which the extension was granted was as well known to Beasley as to Boothe, and was not a valuable consideration so as to create a binding obligation on Boothe for the extension of time. If Beasley considered himself released, it was a mistake of law for which Boothe was not responsible. The fact that Boothe had no security for the $150 note which was paid in consideration of the extension, as testified, would not change the rule, because it was a debt of Morris' which he was bound to pay, and he would not be released from the payment thereof by an agreement on the part of Boothe to extend the time on the note sued on. Morris could not have defeated a recovery on the note sued on by proof of an extension of the note founded on such consideration; it was nudum pactum, and would not have prevented Boothe from maintaining a suit, regardless of his agreement to extend.

There was no error in instructing the jury to return a verdict for the plaintiff. The judgment of the court below will therefore be affirmed.

*Affirmed.*

Delivered April 6, 1893.